**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 10-CV-659-CMA-MJW

JOLENE ARAGON,

      Plaintiff,

v.

CITY OF COLORADO SPRINGS,
FORD MOTOR COMPANY, and AVIS BUDGET CAR RENTAL LLC,
a subsidiary of AVIS BUDGET CAR RENTAL, a Delaware corporation
and DOES 1 and 2,

      Defendants.

---

## STIPULATED PROTECTIVE ORDER
( Docket No. 38-1 )

---

In order to preserve and maintain the confidentiality of certain confidential,

commercial, and proprietary documents to be produced by any party in this action, IT IS

ORDERED:

    1.    Documents to be produced by parties in this litigation which contain

confidential information shall hereafter be referred to as "Protected Documents." Any

document or any information designated as "Subject to Non-Sharing Protective Order,"

"Subject to Protective Order," "Confidential," or similar language in accordance with the

provisions of this Order shall only be used, shown, or disclosed as provided in this

Order.

    2.    As used in this Order, the term "documents" means all written material,

videotapes, and all other tangible items, produced in whatever format (e.g., hard copy,

electronic, digital, etc.) and on whatever media (e.g., hard copy, videotape, computer

diskette, CD-ROM, DVD, hard drive or otherwise), as further defined in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3.     This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

4.     The burden of proving that a Protected Document contains confidential technical information or otherwise confidential or privileged information is on the party claiming confidentiality. Prior to designating any material as "Confidential," the party claiming confidentiality must make a bona fide determination that the material is, in fact, a trade secret, confidential technical information, or other commercially sensitive information, the dissemination of which would damage the party's competitive position, as set forth in Fed. R. Civ. P. 26(c)(1)(G), or otherwise confidential or privileged information.

5.     If a party disagrees with the "Confidential" designation of any document, the party may object to the designation of particular "Confidential" information by giving written notice to the claiming party. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within fifteen (15) days after the time the notice is received, it shall be the obligation of the claiming party to file an appropriate motion requesting that the Court determine whether the

disputed information should be subject to the terms of this Protective Order. Any document so marked as "Confidential" will continue to be treated as such pending determination by the Court as to its confidential status.

6.     The designation of Protected Documents may be made by marking or placing the notice "Subject to Non-Sharing Protective Order," "Subject to Protective Order," "Confidential," or substantially similar notice, on the document, or, where a copy of the original document is to be produced, on that copy.

7.     Protected Documents and any copies thereof received pursuant to paragraph 8 below shall be maintained confidential by the receiving party; his, her, or its attorney; other representatives; and expert witnesses, and shall be used only for preparation for the trial of this matter, subject to the limitations set forth herein.

8.     Protected Documents shall be disclosed only to "Qualified Persons." Qualified Persons are limited to:

  a.   Counsel of Record for the parties, and the parties;

  b.   Non-technical and clerical staff employed by Counsel of Record and involved in the preparation and trial of this action;

  c.   Experts and non-attorney consultants retained by the parties for the preparation or trial of this case, provided that no disclosure shall be made to any expert or consultant who is employed by a competitor of Ford; and

  d.   The Court and the Court's staff.

e. The disclosure of such confidential materials to said experts or consultants will be in hard copy form only and will not be in any digitized or other computer readable format (such as a PDF format).

9. The parties must make reasonable efforts to insure the individuals described in paragraphs 8(b) and 8(c) above are "Qualified Persons" and must provide to the claiming party advance notice of the names of such "Qualified Persons" with whom the Protected Documents will be shared.

10. Before receiving access to any Protected Document or the information contained therein, each person described in paragraphs 8(b) and 8(c) above shall execute a "Written Assurance" in the form contained in Exhibit A, attached hereto. Counsel for each party shall retain each such executed "Written Assurance" and shall keep a list identifying (a) all persons all persons described in paragraphs 8(b) and 8(c) above to whom Protected Documents have been disclosed, and (b) all Protected Documents disclosed to such persons. Each such executed written assurance and list shall be submitted to counsel for the claiming party within seven (7) days of the disclosure of Protected Documents under this Order and at the termination of this litigation.

11. As the Protected Documents may only be distributed to "Qualified Persons," Counsel of Record for the parties, and all persons described in paragraph 8 above, may not post Protected Documents on any website or internet accessible document repository.

4

12.     Whenever a deposition involves the disclosure of Protected Documents or information obtained therefrom, the deposition or portions thereof shall be designated as "Confidential" and shall be subject to the provisions of this Protective Order.  Such designation shall be made on the record during the deposition whenever possible, but the claiming party may designate portions of the depositions as "Confidential" after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

13.     To the extent that Protected Documents or information obtained therefrom are used as exhibits at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony dealing with the Protected Documents or information taken from a Protected Document.

*Consistent with D.C.Colo LCiv R 7.2* [handwritten annotation]

14.     All documents that are filed with the Court that contain any portion of any Protected Document or information taken from any Protected Document shall be filed in

*m jr 6.17.1* [handwritten annotation]

a sealed envelope or other appropriate sealed container on which shall be endorsed the title of the action to which it pertains, an indication of the nature of the contents of such sealed envelope or other container, the phrase "Subject To Non-Sharing Protective Order," and a statement substantially in the following form:  "This envelope or container shall not be opened without order of the Court, except by officers of the Court and counsel of record, who, after reviewing the contents, shall return them to the clerk in a sealed envelope or container."

15.     Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all "Confidential" information designated as such under this Order shall remain "Confidential" and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

16.     Within ninety (90) days after the conclusion of this case, or the dismissal of the claiming party, whichever comes first, counsel for the parties who received Protected Documents shall either (a) return to the claiming party the Protected Documents, including any documents which any such party disclosed to any person described in paragraphs 8(b) and 8(c) above, or (b) securely destroy the Protected Documents, including any documents which any such party disclosed to any person described in paragraphs 8(b) and 8(c) above, and certify such destruction to the claiming party.

17.     Inadvertent or unintentional production of documents or information containing information which should have been designated as "Confidential" shall not be deemed a waiver in whole or in part of the party's claims of confidentiality.

18.     This Protective Order may not be waived, modified, abandoned, or terminated, in whole or part, except by an instrument in writing signed by the parties. If any provision of this Protective Order shall be held invalid for any reason whatsoever, the remaining provisions shall not be affected thereby.

19.     After termination of this litigation, the provisions of this Order shall continue to be binding. This Court retains and shall have jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation. *until Termination of This case unless the Parties can Demonstrate Independent Federal Jurisdiction*

20.     This Protective Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

21.     All persons described in paragraph 8 above shall not under any circumstance sell, offer for sale, advertise, or publicize either the Protected Documents and the Confidential information contained therein or the fact that such persons have obtained any Protected Documents and Confidential information.

22.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED this 17th day of September, 2010

                    BY THE COURT:

                    _____
                    MICHAEL J. WATANABE
                    U.S. MAGISTRATE JUDGE
                    DISTRICT OF COLORADO

7

STIPULATED AND AGREED TO:


s/Richard Casey
Richard Casey
John A. Cimino
925 East 17th Avenue
Telephone: (303) 830-7274
Facsimile: (303) 830-0255
Email: johncimino2003@aol.com
Email: rcaseyaw@gmail.com


*Attorneys for Plaintiff*


s/ Kendra N. Beckwith
Edward C. Stewart
Kendra N. Beckwith
Wheeler Trigg O'Donnell LLP
1801 California Street, Suite 3600
Denver, Colorado 80202
Telephone: (303) 244-1800
Facsimile: (303) 244-1879
Email: stewart@wtotrial.com
Email: beckwith@wtorial.com


*Attorneys for Defendant Ford Motor Company*


s/ Ellis J. Mayer
Ellis J. Mayer
Nathan, Bremer, Dumm & Myers, PC
3900 East Mexico, Suite 1000
Denver, Colorado 80210
Telephone: (303) 691-3737
Facsimile: (303) 757-5106
Email: emayer@nbdmlaw.com


*Attorneys for Defendant Budget Rent a Car*


s/ Shane White
Shane White (# 19034)
Colorado Springs City Attorney's Office
30 South Nevada Avenue, Suite 501
Colorado Springs, Colorado 90901-1575
Telephone: (719) 385-5909
Facsimile: (719) 385-5535
Email: cattorney@springsgov.com


*Attorneys for Defendant City of Colorado Springs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 10-CV-659-CMA-MJW

JOLENE ARAGON,

      Plaintiff,

v.

CITY OF COLORADO SPRINGS,
FORD MOTOR COMPANY, and AVIS BUDGET CAR RENTAL LLC,
a subsidiary of AVIS BUDGET CAR RENTAL, a Delaware corporation
and DOES 1 and 2,

      Defendants.

---

## EXHIBIT A TO STIPULATED PROTECTIVE ORDER: WRITTEN ASSURANCE

---

AFFIDAVIT OF _____, being duly sworn and personally appearing

before the undersigned attesting officer, duly authorized by law to administer oaths,

deposes and says that the within statements are true and correct:

1.

I have read the Stipulated Non-Sharing Protective Order attached hereto and I

understand its terms and meanings.

2.

I agree that my signature below submits me to the jurisdiction of the

Federal District Court for the District of Colorado in which the action of *Jolene Aragon v.*

*City of Colorado Springs, et al.*, Case No. 10-CV-659-CMA-MJW, is pending, and binds

me to the provisions of the Stipulated Protective Order, including to all promises

undertaken in the Order, as if originally agreed by me.

9

Further Affiant sayeth not.

This ___ day of _____, _____.

_____
                                                    AFFIANT

SUBSCRIBED AND SWORN to before me
this ____ day of _____, _____.

_____
NOTARY PUBLIC

My Commission Expires:

1157138v.3