**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 10-cv-00659-CMA-MJW

JOLENE ARAGON,

    Plaintiff,

v.

CITY OF COLORADO SPRINGS, and
PIKES PEAK RURAL TRANSPORTATION AUTHORITY,

    Defendants.

---

**ORDER GRANTING MOTION TO DISMISS**

---

This is a personal injury suit. The matter is before the Court on the "Motion to Dismiss" filed by Defendant City of Colorado Springs. (Doc. # 18.) For the following reasons, the Court grants the motion.

## I. BACKGROUND

On or about March 21, 2008, Plaintiff alleges she was driving a vehicle on East Platte Avenue in Colorado Springs, Colorado. As she drove over an overpass, she lost control of the vehicle. The vehicle hit the bridge's guardrail, which gave way, and landed upside down in the sandy creek below, causing Plaintiff injuries. (*See* Doc. # 47.)

On December 14, 2010, Plaintiff filed a second amended complaint in this Court, which is the operative complaint. (*Id.*) She brings a single claim against the City of Colorado Springs. She alleges it is liable for negligence because, *inter alia*, (1) the City

had notice of structural and maintenance problems with the bridge and guardrails located on East Platte Avenue where the accident occurred; (2) the City negligently failed to maintain or fix those problems; and (3) this failure caused Plaintiff's car to crash through the guardrail and strike the sandy creek below, which caused her severe injuries. (*See id.*, ¶¶ 19, 21-22, 25, 33, 35-37.)[1]

The City moves to dismiss that claim under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. It argues Plaintiff's claim is barred by the Colorado Governmental Immunity Act ("CGIA"), Colo. Rev. Stat. § 24-10-106(1).

## II. DISCUSSION

**A.      STANDARD OF REVIEW**

Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) is appropriate if the Court lacks subject matter jurisdiction over claims for relief asserted in the complaint. "The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction." *Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008). Rule 12(b)(1) challenges are generally presented in one of two forms: "[t]he moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter

---

[1] Plaintiff's second amended complaint was accepted after the City had filed this motion. The same allegations, however, were present in the first amended complaint, which was the operative complaint when the City filed this motion. (*See* Doc. # 4, ¶¶ 16, 24-26, 30-31, 36-37.) Accordingly, the Court will rule on the City's motion despite the fact the motion addresses the first amended complaint.

jurisdiction rests." *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004) (quoting *Maestas v. Lujan*, 351 F.3d 1001, 1013 (10th Cir. 2003)); see *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002).

**B.     ANALYSIS**

This case presents a facial challenge. The question is whether Plaintiff's claim against the City, as alleged in her complaint, is barred by the CGIA. If it is, then the Court lacks subject matter jurisdiction and must dismiss Plaintiff's claim.

The CGIA provides that "[a] public entity shall be immune from liability in all claims for injury which lie in tort or could lie in tort . . . ." Colo. Rev. Stat. § 24-10-106(1). It also provides, however, a list of exceptions under which public entities waive their immunity. *See* Colo. Rev. Stat. § 24-10-106(1).

The City argues Plaintiff's claim is barred by the CGIA and that none of the exceptions apply. Plaintiff acknowledges her claim falls within the CGIA. She argues, however, that the City waived its immunity because her claim falls within the exception identified at § 24-10-106(1)(d)(I), which states in part that:

> Sovereign immunity is waived by a public entity in an action for injuries resulting from: . . .
>
> (d)(I) A dangerous condition of a public highway, road, or street which physically interferes with the movement of traffic on the paved portion, if paved, or on the portion customarily used for travel by motor vehicles, if unpaved, of any public highway, road, street, . . . .

In interpreting the CGIA, the Court must give effect to the intent of the General Assembly. *Plummer v. Little*, 987 P.2d 871, 873 (Colo. App. 1999) (citing *City & County of Denver v. Gallegos*, 916 P.2d 509 (Colo. 1996)). "Absent some contrary statutory indication, that intent is determined primarily from the statutory language itself interpreted in accordance with the plain and ordinary meaning of the terms used." *Id.* (citing *State v. Hartsough*, 790 P.2d 836 (Colo. 1990)).

Plaintiff argues the at-issue guardrail was a "dangerous condition" within the meaning of § 24-10-106(1)(d)(I).[2] For immunity to be waived, though, the "dangerous condition" must "physically interfere[ ] with the movement of traffic" on either the paved portion of the road or, if unpaved, the portion of the road customarily used for travel. To get around these qualifiers, Plaintiff points out, correctly, that a "dangerous condition" under § 24-10-106(1)(d)(I) is not limited to those conditions that have their physical source in the paved portion of the road. *Hallam v. City of Colorado Springs*, 914 P. 2d 479, 483 (Colo. App. 1995).

---

[2]   Section 24-10-103(1), C.R.S., defines "dangerous condition" to mean:

a physical condition of a facility or the use thereof that constitutes an unreasonable risk to the health or safety of the public, which is known to exist or which in the exercise of reasonable care should have been known to exist and which condition is proximately caused by the negligent act or omission of the public entity or public employee in constructing or maintaining such facility. For the purposes of this subsection (1), a dangerous condition should have been known to exist if it is established that the condition had existed for such a period and was of such a nature that, in the exercise of reasonable care, such condition and its dangerous character should have been discovered. A dangerous condition shall not exist solely because the design of any facility is inadequate. The mere existence of wind, water, snow, ice, or temperature shall not, by itself, constitute a dangerous condition.

Plaintiff, however, overstates the point.  In the cases she cites, the dangerous conditions were on the road, or came onto the road, and actually interfered with the movement of traffic on the road itself.  *See, e.g.*, *State v. Moldovan*, 842 P.2d 220 (Colo. 1992) (state not immune from claim that it negligently failed to maintain right-of-way fence that allowed cow to enter road); *Schlitters v. State*, 787 P.2d 656 (Colo. App. 1989) (state not immune from claim that it negligently failed to install devices that would have prevented boulders from falling onto the road).

In this case, Plaintiff lost control of her vehicle and drove into the guardrail.  The guardrail, as alleged in her second amended complaint, was located along the side of the bridge.  (Doc. # 47, ¶ 17).[3]  The side of a bridge is not the portion of the road customarily used for travel.  Thus, the guardrail does not qualify § 24-10-106(1)(d)(I) as a "dangerous condition of a public highway, road, or street which physically interferes with the movement of traffic" on the road, if paved, or, if unpaved, on the portion of the road customarily used for travel.

### III.  CONCLUSION

Because Plaintiff's claim against the City does not fall under § 24-10-106(1)(d)(I), Plaintiff's claim is barred by the CGIA.  Accordingly, the Court GRANTS the City's "Motion to Dismiss" (Doc. # 18) and DISMISSES the City from this case.  It is, therefore,

---

[3] This allegation is also present in the first amended complaint.  (Doc. # 4, ¶ 26.)

ORDERED that the City of Colorado Springs is hereby DISMISSED as a Defendant in this matter.  It is

FURTHER ORDERED that the caption on all subsequent filings shall reflect the removal of the City of Colorado Springs as a Defendant in this case.

DATED:  January __04__, 2011

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge